1
2
3
4       UNITED STATES DISTRICT COURT
5            DISTRICT OF NEVADA
6                 * * *
7  JAY BAIRD,                          )
                                       )
8              Plaintiff,              )    Case No. 2:13-cv-02006-JAD-CWH
                                       )
9  vs.                                 )    **ORDER**
                                       )
10 AARGON AGENCY, INC.,                )
                                       )
11             Defendant.              )
                                       )

         This matter came before the Court on Plaintiff's Unopposed Motion to Extend Deadline to Amend Pleadings and Add Parties (#24), filed on April 9, 2014.  The Court has reviewed the motion and finds that it does not comply with Local Rule ("LR") 26-4.  "All motions or stipulations to extend a deadline set forth in a discovery plan shall be received by the Court no later than 21 days before the expiration of the subject deadline.  A request made after the expiration of the subject deadline shall not be granted unless the movant demonstrates that the failure to act was the result of excusable neglect."  LR 26-4 (emphasis added).  Plaintiff failed to demonstrate that the filing of this motion less than 21 days before the expiration of the deadline for motions to amend pleadings and add parties, set for April 9, 2014, was the result of excusable neglect.

         Additionally, Plaintiff's Unopposed Motion contains several other defects.  First, the case caption indicates that Plaintiff is a member of a class and that the class is defined within the motion.  However, the Court notes that Plaintiff's Motion to Certify Class (#2) was withdrawn and no class has been certified.  *See* Order #15.  Second, Plaintiff's Unopposed Motion fails to comply with LR 6-2 that requires any unopposed motion to include a signature block with specific formatting.  Also, Plaintiff's Motion was not filed on paper with the line numbers displayed.  Finally, Plaintiff requests an extension of 49 days for only the motions to amend

pleadings and add parties deadline. However, the proposed deadline of May 28, 2014 would fall after the current expert disclosure deadline of May 9, 2014. Plaintiff should specify whether any extension of the expert disclosure deadline will be sought or submit a request to extend all outstanding discovery deadlines.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that the Plaintiff's Unopposed Motion to Extend Deadline to Amend Pleadings and Add Parties (#24) **denied without prejudice**.

**IT IS FURTHER ORDERED** that any extension of the discovery deadline will not be allowed without a showing of **good cause** as to why all discovery was not completed within the time allotted. All motions or stipulations to extend discovery shall be received by the Court at least **twenty-one (21) days** prior to the date fixed for completion of discovery, at least **twenty-one (21) days** prior to the expiration of any extension thereof that may have been approved by the Court, or at least **twenty-one (21) days** prior to the expiration of the subject deadline. Any extension or modification of a discovery deadline or subject deadline not filed at least twenty-one (21) days prior to the date fixed for completion of discovery or the expiration of the subject deadline must be supported by a showing that the failure to act was the result of **excusable neglect**. The motion or stipulation shall include:

    a.    A statement specifying the discovery completed by the parties as of the date of the motion or stipulation;

    b.    A specific description of the discovery which remains to be completed;

    c.    The reasons why such remaining discovery was not completed within the time limit of the existing discovery deadline; and,

    d.    A proposed schedule for the completion of all remaining discovery.

It is not good cause for a later request to extend discovery that the parties informally postponed discovery. No stipulations are effective until approved by the Court, and "[a]ny stipulation that would interfere with any time set for completion of discovery, for hearing of a motion, or for trial, may be made only with approval of the Court." *See* LR 7-1(b).

1      DATED this 10th day of April, 2014.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**